## Smoker v. Krencik

*Gordon & Gordon*, for plaintiff.
*Rogers & O'Neill*, for defendant.

KURTZ, J., August 21, 1964.—Defendant negligently damaged plaintiff's corn picker. The accident which caused the injury occurred at the height of the corn-harvesting season, and since plaintiff could not have the machine repaired immediately, it was necessary for him to hire another so that the work which he had contracted to perform might be performed in proper

season. Plaintiff claimed the rental value of the machine during the balance of that season as an item of his damage.

On cross-examination of the witness from whom the substitute machine had been rented, defendant sought to show that one year later, at the beginning of the next subsequent corn-harvesting season, plaintiff bought the substitute machine from that witness, and that in that transaction the rental paid by plaintiff to the witness during the season in which the accident occurred was allowed as a credit to plaintiff against the purchase price of that machine. Plaintiff's objection to that cross-examination was sustained. Defendant contends that this was error and that a new trial ought now to be granted so that error might be corrected.

We think that no error was committed in that regard. Defendant's contention is plainly answered by the following quotation from Moidel v. Peoples Natural Gas Company, 397 Pa. 212, 222 (1959), where the Supreme Court said:

"Clearly, the fact that an injured party has received compensation from a source other than the wrongdoer *is without relevancy* in a suit brought by the injured party against the wrongdoer to recover damages. It was error to permit such evidence to be introduced in the trial of this case." (Italics supplied).

If such evidence is irrelevant, so, too, is evidence of a transaction which followed the injury by the space of a year and had no direct relationship to it as is that here sought to be introduced.

The Restatement of the Law, Torts, §931, expresses the same view. It provides that a person who is entitled to a judgment for preventing the use of a chattel shall be entitled to receive in his judgment the value of the use of the chattel for the period during which that use was prevented or the amount paid for a substitute, and, in the comment to that section, it is noted that this is

true even though the owner, in fact, has suffered no harm through the deprivation of use, as where he used a substitute without additional expense.

Defendant argues that he should have been allowed to show the circumstances surrounding the acquisition of the new machine so that the jury might have all the facts before it in assessing the amount of plaintiff's loss. In essence, his contention is that the jury should make an award which it feels is fair and equitable in the circumstances without regard to the rules of law, cited above, which are designed to determine and define the limits and extent of legal liability. The suggested method of awarding compensation is not the law and never has been. Damages have always been assessed according to the rules laid down by the courts and other law-giving agencies. Accordingly, that contention cannot be accepted.

We would also point out briefly that if an unrelated transaction occurring a year after the happening of the accident could affect the measure of damages to which a plaintiff is entitled, then so also might one occurring 10 or 20 or 30 years thereafter have a similar effect. Indeed, if this practice be sanctioned, the amount of the recovery would turn upon how quickly or tardily the case came to trial. Defendants would seek to delay the trial in the hope that subsequent events might mitigate the loss, while plaintiffs would seek an early trial with a view to having it concluded before mitigating circumstances occur. To permit this type of uncertainty and speculation in the assessment of damages would make it practically impossible for a plaintiff to be able to know what his rights to damages were and for a defendant to determine the extent of his liability. This character of uncertainty is not one sanctioned by the law.

Accordingly, we think that defendant's motion for a new trial should be refused. It is so ordered.